FLORENCE T. NAKAKUNI  #2286
United States Attorney
District of Hawaii

MARSHALL SILVERBERG #5111
Criminal Division
Room 6100, PJKK Fed. Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:
marshall.silverberg@usdoj.gov

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural
Resources Division
U.S. Department of Justice

KENNETH E. NELSON #68484 (VA)
Trial Attorney
U.S. Department of Justice
Environmental Crimes Section
601 D St NW, Suite 2814
Washington, DC 20004
Telephone: (202) 305-0435
Facsimile: (202) 305-0396
Email: Kenneth.Nelson3@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO.11-01258LEK |
| | ) |
| v. | ) GOVERNMENT'S MOTION IN SUPPORT OF |
| | ) STATUTORY MOIETY PAYMENTS; |
| KEOJE MARINE CO. LTD., | ) CERTIFICATE OF SERVICE |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**THE GOVERNMENT'S MOTION IN SUPPORT
OF STATUTORY MOIETY PAYMENTS**

Pursuant to the Act to Prevent Pollution from Ships ("APPS"), the United States of America, by and through its undersigned attorneys, files this motion in support of a whistleblower award.  More specifically, the government hereby moves this Court to order a total award of $150,000.00, which is one-half the criminal fine to be paid by defendant KEOJE MARINE

CO. LTD (hereinafter "KEJOE") for Count One of the Information, to Henry Borla Dupa, whose assistance led to the successful prosecution of this case. In support of its motion, the United States submits the following:

**I. KEOJE's Fine and the Court's Award Authority**

On January 10, 2012, defendant KEOJE pleaded guilty to a three-count Information and was sentenced to pay a criminal fine of $300,000.00 as to Count One. Count One of the Information charges a violation of the APPS, 33 U.S.C. § 1908(a). Specifically, as set forth in Count One, on or about October 21, 2011, respectively, KEOJE knowingly failed to maintain an Oil Record Book ("ORB") for the *M/T Keoje Tiger* in which all operations involving the movement of oil, including all overboard discharges of waste oil, were fully recorded. On January 10, 2012, this Court sentenced KEOJE pursuant to the Plea Agreement and imposed a total monetary penalty on the defendant in the amount of $1,150,000.00. Of the criminal penalty amount, $250,000.00 is to be paid as a community service payment to the National Fish and Wildlife Foundation. The remaining $900,000.00 is allocated as the criminal fine evenly distributed between Counts One through Three of the Information. Therefore, each Count of conviction is allocated a fine amount of $300,000.00. Count One represents a criminal fine amount of $300.000.00.

APPS is designed to implement an international law treaty known as the MARPOL protocol, which sets forth international standards to protect the marine environment. In order to further this purpose, APPS grants this Court the discretionary authority to issue a monetary award for up to one half (moiety) of any criminal fine imposed on the defendant to those individuals who provide information that leads to a conviction under APPS[1]. Specifically, section 1908(a) of APPS provides that:

> A person who knowingly violates the MARPOL Protocol, this chapter, or the regulations issued thereunder commits a class D felony. In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction.

33 U.S.C. § 1908(a).

The APPS whistleblower award provision serves a valuable law enforcement purpose by encouraging those most likely to know of the illegal conduct, in this case an engineering crew member, to report it. Because the discharge of oily waste typically takes place in the middle of the ocean in international waters, the only persons likely to know about the conduct and the falsification of the ORB are crew members. Absent crew members with firsthand knowledge of the illegal conduct coming forward, APPS violations are otherwise extremely difficult to uncover.

---

[1]/The regulations implementing APPS contain the same provision. 33 C.F.R. § 151.04(c). The Rivers and Harbors Act contains a similar award provision. 33 U.S.C. § 411.

The government's success in detecting the illegal activity and obtaining sufficient evidence to support investigations and prosecutions is dependent upon the willingness of a crew member to step forward.  In turn, a crew member must assess the risks associated with coming forward, such as the possibility that the crew member will lose relatively lucrative employment and be blacklisted and barred from working in the marine shipping industry in the future.  A substantial monetary award, as provided by APPS, both rewards the crew member for taking those risks and provides an incentive for other crew members to come forward and report illegal conduct on vessels in the future.

## II.  The Assistance Provided by Henry Borla Dupa

Crew member Henry Borla Dupa first reported the illegal activity to the United States Coast Guard in Honolulu, Hawaii, on October 12, 2011.  Dupa provided the Coast Guard inspectors with photographs that depicted a hose connected between the sludge pump and the overboard discharge connection for the boiler blow-down.  During the inspection, the Coast Guard discovered that for many months the engineering crew had been discharging oily bilge waste directly into the sea without using the Oil Water Separator, a violation of APPS.  Dupa was not a member of the engineering department, instead he was assigned to the deck department and stood watch on the bridge of the vessel and navigated the ship.  Part of Dupa's duty was to inspect the fire-

fighting equipment on the ship which also included fire extinguishers in the engine room.  It was during these inspections that he discovered and photographed the illegal discharge connection.

The investigation confirmed that the system thatDupa reported was being used.  The discharge point in the engine room - the boiler blow down valve - is not a valve that is normally inspected by the Coast Guard as part of a pollution compliance examination, since the boiler blow-down is only used to discharge hot water from the boiler overboard.  But for the fact that Dupa came forward with the photographs, the Coast Guard may have never inspected that valve for oil and the crimes could have gone undetected.

As a result of the investigation, the Chief Engineer and First Assistant Engineer of the vessel pleaded guilty to one count of violating the APPS and KEOJE pleaded guilty to one count of violating the Clean Water Act, one count of the APPS, and one count of Obstruction of Justice.  An award to this witness would be consistent with the valuable law enforcement purpose of the APPS to encourage those with information about unlawful conduct to come forward and disclose that information to authorities, information that would otherwise be difficult, if not impossible, to obtain.

Absent the detailed and specific information provided by Dupa, it is unlikely that the Coast Guard would have uncovered the illegal conduct aboard the M/T Keoje Tiger.  Given the valuable and significant nature of the information provided by Dupa, the United States recommends that an award of $150,000.00, which is half of the total fine attributable to the APPS count, be issued to Henry Borla Dupa.

### III.   The History of Awards

As set forth below, there have been many other cases in which an award has been issued pursuant to Section 1908 of APPS:

- United States v. Noka Shipping Company Limited, No. C-11-534 (S.D. TX. June 8, 2011): award of $250,000.00 to one crewmember.

- United States v. Ionia Management, S.A., No. 3:07cr134 (JBA) (D. Conn. April 8, 2011): award $550,000.00, $350,000.00 and $350,000.00 to three crewmembers who petitioned for awards, and awards of $75,000.00, $25,000.00, $25,000.00 and $25,000.00 for non-moving crewmembers.

- United States v. Aksay Denizcilik Ve Ticaret A.S., No. 8:10-Cr-116-T-26TGW (M.D. Fla. April 2010): award of $125,000.00 each to the Ship's two motorman.

- United States v. Hiong Guan Navegacion Japan Co., Ltd., No. 8:08-CR-494 (M.D. Fla. April 14, 2009):  award of $253,125.00 to the Ship's Fourth Engineer and $84,375 to the Ship's Third Engineer.

- United States v. General Maritime Management (Portugal), L.D.S., No. 2:08CR00393-001 (S.D. TX. April 7, 2009): $250,000.00 divided proportionately between 5 crew members.

- United States v. Kassian Maritime Navigation Agency Ltd. et al., No. 3:07-CR-00048 (M.D. Fla. August, 16, 2007): award of $230,000.00 each to the Ship's Wiper and Cook and $20,000.00 to two Third Engineers.

- United States v. Sun Ace Shipping Company et al., No. 2:06-CR-00599 (D.N.J. December 2006): award of $200,000.00 split evenly among three engine room crew members.

- United States v. MK Shipmanagement Co., Ltd., Criminal Docket No. 2:06-cr-00307-WHW (D.N.J., Aug 7, 2006): award of one half of the $200,000.00 fine to two crew members.

- United States v. Wallenius Ship Management PTE. Ltd, Criminal Docket No. 2:06-cr-00213-JAG-ALL (D.N.J., Aug. 3, 2006): award of one half of the $5,000,000.00 fine to four crew members.

- United States v. OMI Corporation, Criminal Docket No. 2:04-cr-00060-KSH-ALL (D.N.J., Aug. 6, 2004): award of one half of the $4,200,000.00 fine to a crew member.

### IV. Conclusion

This Court has discretion to award an amount up to one-half of the criminal fine imposed in connection with Count One of the Information to Henry Borla Dupa, who provided critical evidence leading to the defendants' conviction. In light of the information provided by the witness, the United States respectfully moves this Court to find that an award in this matter would be consistent with the law enforcement purpose of the statute by encouraging those with information to come forward and disclose that information to appropriate authorities. The United States therefore respectfully requests that the Court award $150,000.00 to Henry Borla Dupa in recognition of his contribution to the successful prosecution of this matter. Should the Court grant this motion, the United States requests that the Clerk of Court issue a check made out to the witness. In order to ensure its safe delivery, the United States has made

arrangements with the United States embassy in Manila, Philippines, to take delivery of the check, from where the witness may retrieve it safely. The witness is a citizen of the Philippines and resides there. Therefore, the United States requests the check be issued in the name of the witness and then sent via Federal Express to:

```
U.S. Department of Justice
Embassy of the United States of America
Room 1038/1040 Chancery Annex
1201 Roxas Blvd., Ermita
0930  Manila, Philippines
Attention:  Robert E.  Courtney III
            DOJ Attaché
```

Dated: January 12, 2012, at Honolulu, Hawaii.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

   /s/ Marshall H. Silverberg
By_____
MARSHALL H. SILVERBERG
Assistant U.S. Attorney

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
Division
Department of Justice

/s/ Marshall H. Silverberg [for]
By_____
KENNETH E. NELSON
Trial Attorney
Environmental Crimes Section
United States Department of Justice
601 D St NW, Suite 2814
Washington, DC 20004

CERTIFICATE OF SERVICE

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served electronically through CM/ECF</u>:

    Michael Purpura, Esq.
    ASB Tower
    Suite 2200
    1001 Bishop Street
    Honolulu, HI  96813

    Attorney for Defendant
    KEOJE MARINE CO., LTD.

DATED:  January 13, 2012, at Honolulu, Hawaii.

/s/ Cheri Abing
_____